IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00151-BNB

MANUEL C. RICHARDSON,

    Plaintiff,

v.

DANIELS, Warden,
JHONSON, Assistant Warden,
D. ALLRED, Clinical Director, and Unknown Named Officials,
MCDERMITT, Health Services Administrator,
S. JARDON, Administrative Remedy Coordinator, and
VANEK, Special Investigative Specialist,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Manuel C. Richardson, is a prisoner in the custody of the Federal Bureau of Prisons and currently is incarcerated at the United States Penitentiary in Florence, Colorado.  He initiated this action by submitting *pro se* a Prisoner Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1331 and ***Bivens v. Six Unknown Named Agents***, 403 U.S. 388 (1971).  Mr. Richardson has been granted leave to proceed pursuant to 28 U.S.C. § 1915 with payment of an initial partial filing fee.

    The Court must construe the Prisoner Complaint liberally because Mr. Richardson is not represented by an attorney.  **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  **See Hall**, 935 F.2d at 1110.

The Court has reviewed the complaint and has determined that it is deficient. For the reasons discussed below, Mr. Richardson will be ordered to file an amended complaint.

Mr. Richardson alleges in the Prisoner Complaint that on July 20, 2012, he suffered a seizure in his cell. Captain Snyder responded and threatened to spray Plaintiff with O.C. gas if he didn't submit to hand restraints. According to Plaintiff, when Defendant Allred, the Clinical Director, arrived at Plaintiff's cell, Allred observed two prison guards dragging the Plaintiff around on the floor of the cell "causing abrasions to 2 right knuckles and superficial skin breaks on the left abdomen." (ECF No. 1-2, at 27). Defendant Allred did not attempt to intervene or prevent the Plaintiff from sustaining injuries. Defendant Allred noted the prison officials' "misconduct" in his medical report but did not report the officers to the Internal Affairs office. Mr. Richardson further alleges that Defendant Allred reported Plaintiff's seizure to Defendant McDermott, the Health Services Administrator, and provided McDermott with a copy of the medical report, but McDermott did not report the offending officers' conduct to Internal Affairs, either. Plaintiff asserts that Defendant Vanek, a special investigative specialist, witnessed Plaintiff's seizure and the prison guards' misconduct on a facility surveillance camera, but also failed to report it to Internal Affairs. Mr. Richardson filed administrative remedy requests, which were denied by Defendant Jardon, and reported the misconduct to Defendants Daniels and Johnson, the warden and assistant warden, but they did not take any remedial action. Plaintiff seeks monetary relief against each of the Defendants.

The Prisoner Complaint is deficient because Mr. Richardson fails to allege specific facts to show the personal participation of the named Defendants in a

deprivation of his constitutional rights.  Personal participation is an essential allegation in a civil rights action.  **See Kite v. Kelley,** 546 F.2d 334, 336-38 (10th Cir.1976).  **Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976); **Kentucky v. Graham**, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993); **see also Dodds v. Richardson**, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting **Rizzo v. Goode**, 423 U.S. 362, 371 (1976)).  Supervisors can only be held liable for their own misconduct.  **See Ashcroft v. Iqbal**, 556 U.S. 662, 676 (2009).  A supervisor cannot incur liability under § 1983 for his mere knowledge of a subordinate's wrongdoing.  *Id.*; *see also* **Fogarty v. Gallegos**, 523 F.3d 1147, 1162 (10th Cir. 2008) *(*"[Section] 1983 [or *Bivens*] does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

      Furthermore, Mr. Richardson makes allegations against Captain Snyder in the body of his Prisoner Complaint, but he does not name Snyder as a defendant in the case caption.  If Plaintiff intends to sue Captain Snyder, he must name him as a defendant in the case caption and state facts in the amended complaint to show that Snyder was personally involved in a violation of his constitutional rights.

Finally, Plaintiff's Complaint is 135 pages in length, including attachments. Most of the attachments are not relevant at this time. The amended complaint should only include the information required by the Court's Prisoner Complaint form. Accordingly, it is

ORDERED that Plaintiff, Manuel Richardson, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the Court will dismiss this action without further notice for the reasons discussed above.

DATED February 21, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge